BUFFALO vs. O'MALLEY.

*September 30 — October 14, 1884.*

*Contracts — Mistake of fact — Recovery of money paid.*

Plaintiff contracted for the transportation of a quantity of bark to Duluth at $2 per cord. He measured it as it was piled at the place of shipment, found it to be sixty-three cords, allowed three cords for shrinkage on repiling, and paid for the carriage of sixty cords. The bark was badly curled and, on being repiled at Duluth in the manner customary there, measured but forty cords. *Held,* that no part of the money paid could be recovered.

APPEAL from the Circuit Court for *Bayfield* County.

Action to recover the sum of $40 which was claimed to have been overpaid by the plaintiff to the defendant upon a contract for the transportation of tan-bark. The complaint alleged that such overpayment was made under a mistake of fact as to the quantity of the bark, arising from ignorance on the part of the plaintiff as to the manner of piling and measuring tan-bark for shipment. The answer was a general denial.

The evidence given at the trial will sufficiently appear from the opinion. A motion for a nonsuit, made at the close of the plaintiff's testimony, was denied. There was a verdict and judgment for the plaintiff, and the defendant appealed.

For the appellant there was a brief by *Miles & Gleason,* and oral argument by *Mr. Miles.*

Buffalo vs. O'Malley.

For the respondent there was a brief by *Knight & Hayes*, and oral argument by *Mr. J. O. Hayes*.

COLE, C. J.  In whatever light this case is considered, we think the motion for a nonsuit should have been granted. There is no proof of fraud in the transaction, and as little of any mistake of fact for which the plaintiff is entitled to relief.  The defendant was to be paid at the rate of two dollars per cord for carrying the bark in question from the place of shipment to Duluth.  There is no dispute but that this was the agreement.  Now the contention of plaintiff is that under a mistake as to the quantity he paid the defendant for transporting sixty cords, when there was only forty cords according to the Duluth measurement.  But there is not a *scintilla* of proof that the quantity of bark was to be ascertained or determined according to the manner of piling and measuring tan-bark at Duluth.  It does not appear that either party so understood the contract as to the carriage. The plaintiff admitted that he measured the bark himself, when it was piled on the bank, and that there were sixty-three cords.   When he paid for it he thought it would probably not fall short more than three cords.  He supposed a cord of bark was a pile eight feet long, four feet high, and four feet wide, as it is.  So, on the bank where the bark was piled, it actually measured sixty three cords, to the knowledge of the plaintiff.  But the plaintiff seems to have been ignorant of the fact that where bark was curled badly, as his bark was, it was customary to make allowance for it in the measurement when sold; or to pile the bark tight by tramping it down and filling up the holes.  And this was what caused the shrinkage in the bark when it was piled at Duluth for sale.

But, as we have said, there is not a particle of evidence that the defendant agreed to transport the bark for two dollars per cord according to Duluth measurement.  No such

contract was made. Upon what ground, then, can the plaintiff claim the right to recover back part of the money which he paid the defendant for transportation? There was sixty cords or more according to the bank measurement, and the plaintiff admits that he was to pay at the rate of two dollars per cord for carrying it to Duluth. Suppose a part of the bark had been rejected by buyers in Duluth because not merchantable, could it be claimed the defendant must lose his transportation of the unsalable bark? There would be quite as much reason in claiming that the defendant should stand the loss in the case supposed, as there is in saying, upon the testimony in the record, he should be paid for only forty cords because there was a shrinkage of twenty cords when it was piled as required in the Duluth market. In truth, the evidence shows that there was no mistake as to the bank measurement, and we must assume, in the absence of all proof to the contrary, that the parties contracted with reference to that measurement. It follows from this that there was no overpayment.

Now, to entitle the plaintiff to recover, he was bound to prove, either that there was a mistake in the bank measurement, that there was not sixty cords as there piled, or that the defendant agreed to carry the bark for two dollars per cord according to the Duluth measurement. Neither case was established by the evidence. It is needless to observe, courts do not relieve against every mistake a party may make in his business transactions. A mistake in a matter of fact, to be the ground of relief, must be of a material nature, inducing or influencing the agreement, or in some matter to which the contract is to be applied. It is obvious the mistake which the plaintiff made was in supposing that curled bark, piled in the loose manner his bark was piled, would hold out in measure when piled as dealers required. But this was a mistake as to a collateral fact, which had nothing to do with the contract of carriage. It is said the

plaintiff paid for the carriage upon the belief that there was sixty cords of it, and that this belief was founded upon his having measured the bark on the bank. He certainly was not mistaken as to the quantity of the bark on the bank, but was mistaken in supposing that a dealer would take it at Duluth piled in the manner he had piled it.

It is said that a cord of bark, *ex vi termini*, implies a cord, or 128 cubic feet; but the parties evidently did not use the word, in such a sense when they were talking about the quantity on the settlement for the transportation at Duluth. They referred to the measurement on the bank,— the number of cords as the bark was there piled; and the proof is entirely conclusive that payment was made with reference to that measurement. It is certainly true that the bark was not there piled in as solid and compact a manner as the Duluth dealers required it to be; but what of that? There was no mistake of fact as to the bank measurement when payment was made, and no ground for relief shown.

It follows from these views that the nonsuit should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.